# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-10874
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
December 20, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Lawrence Alan Haberman,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-188-1

---

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Lawrence Alan Haberman, federal prisoner # 36897-177, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Haberman contends that the district court erred in determining that compassionate release is limited to defendants with

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

serious medical issues; the district court erred in finding that the seriousness of his offense rendered him ineligible for compassionate release; the district court did not address the relevant § 3553(a) factors or his individualized circumstances; and the applicable § 3553(a) factors and other extraordinary and compelling reasons weigh in favor of granting him compassionate release.

We review a district court's decision denying compassionate release for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). "[A] court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted).

Despite Haberman's assertions to the contrary, the district court properly considered the relevant § 3553(a) factors and found that they weighed against granting compassionate release. The district court explicitly considered the nature and circumstances of his offense; his criminal history; the need for the sentence to reflect the seriousness of his offense, to promote respect for the law, and to provide just punishment; and the need for the sentence to afford adequate deterrence to criminal conduct. Haberman demonstrates no more than personal disagreement with the district court's balancing of sentencing factors, which is insufficient to establish an abuse of the court's discretion. *See Chambliss*, 948 F.3d at 693.

We need not consider Haberman's contentions regarding whether the district court erred in determining that he failed to show extraordinary and compelling reasons warranting relief because the district court did not abuse its discretion in its alternative holding that relief was not warranted under the § 3553(a) factors. *See United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022); *Chambliss*, 948 F.3d at 693.

AFFIRMED.